Simon Jankowsky, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 20587.    Promulgated February 6, 1930.

*Wm. H. Martin, Esq.*, and *Wm. F. Tucker, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

1040

OPINION.

LANSDON: The single question to be determined in this proceeding is whether the petitioner is entitled to deduct under the provisions of section 214 (a) (5) of the Revenue Act of 1921 an amount

of $71,370.87 as a loss sustained in the taxable year. Section 202 (a) of the 1921 Act provides that "cost" shall be the basis for determining gain or loss. The petitioner has established that he purchased for cash 1,452 shares of preferred stock at a total cost of $36,300, and that he received 4,812 shares of common stock in exchange for property in which he had invested $35,070.87 in the circumstances set forth in our findings above. He contends that the cost of the common stock received was the cost of the property exchanged therefor. Such property, which had been purchased in 1916 or 1917, was paid in for stock in the latter part of 1919. Section 202 (b) of the Revenue Act of 1918 provides that an exchange of property for stock in a corporation shall be a taxable transaction, and may give rise to gain or loss.

Section 202 (b) provides:

When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *

The record contains no evidence as to the value of the property at the time paid in for stock, or as to the value of the stock received. We think the petitioner has failed to establish the "cost" of the 4,812 shares of common stock owned by him in the taxable year. *A. D. Morton*, 6 B. T. A. 1295; *Lightning Creek Oil & Gas Co.*, 9 B. T. A. 1150; *Napoleon B. Burge*, 4 B. T. A. 732; *John B. Atkins*, 9 B. T. A. 140; affd., 36 Fed. (2d) 611.

The respondent contends that the organization of the Euterpe Mining Co. of Oklahoma constituted a reorganization of the Delaware company and that no loss may be recognized, under the following provision of the Revenue Act of 1921:

SEC. 202. (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

* * * * * * *

(2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. The word "reorganization," as used in this paragraph, includes a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or of substantially all the properties of another corporation), recapitalization, or mere change in identity, form, or place of organization of a corporation (however effected); * * *

We think our findings of fact above dispose of the respondent's contention that this was a reorganization. No person received stock or securities in exchange for stock or securities owned by him in the

Delaware company. Because of his stockholdings in the Delaware company, the petitioner received no right to stock in the Oklahoma company. Stock in the Oklahoma company was purchased for cash and the stock in the Delaware company continued outstanding. There was no merger or consolidation of the two corporations. The organization of the Oklahoma company was distinct and separate. *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401.

We have found that after the Delaware company's concentration plant burned in the taxable year its unpaid obligations greatly exceeded the value of its assets. After the transfer on December 31, 1923, the Delaware company had no assets and no liabilities other than to its stockholders. We think its outstanding stock became worthless in the taxable year and that the petitioner is entitled to deduct $36,300, which is the cost of his preferred stock. Having failed to establish the cost of his common stock, no deduction can be allowed therefor.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MURDOCK concurs in the result only.

———

STERNHAGEN, dissenting: From the facts found it appears that petitioner, having put $35,070.87 into the oil property, exchanged in 1919 such interest for 4,812 shares of common stock in the Delaware company. Thus, as the Board says, the petitioner under section 202 (b) of the 1918 Act realized gain or loss in the difference between the cost of $35,070.87 and the value of the common stock received, and the value of the stock received became the basis of any recognizable future gain or loss upon its disposition. But the value of the common stock so received in 1919 can not be found from the evidence, and therefore, if for no other reason, the measure of gain or loss in 1923 could not be determined even if under the 1921 Act any gain or loss could be recognized for tax purposes. Petitioner also bought 1,452 shares of preferred in the Delaware company at a cost of $36,300.

It seems to me that so far as the evidence shows there may have been a reorganization in December, 1923. The principal stockholders and creditors of the Delaware company caused a reorganization by means of a new corporation of Oklahoma and a contract whereby the same business properties could be operated for the same principal individuals. The facts show only that petitioner subscribed for stock in the new corporation. It does not appear how the subscription was discharged or the stock paid for. How, then, can it be said that there was not a reorganization within the

broad inclusive provisions of section 202 (c) (2), Revenue Act of 1921, and that the stock in the Oklahoma company was not received in place of the stock owned by him? Having invested $71,370.87 in the project of operating under the original lease, and having his investment evidenced by stock, he continued to hold an investment in this project, the corporation having been reorganized so that he subsequently held the new stock in place of the old. At least this is a possible inference from the evidence. Therefore, as provided in section 202 (c) (2), no gain or loss shall be recognized.

In my opinion, petitioner was entitled to no deduction in respect of either the common or preferred stock in the Delaware corporation, and respondent's determination should be sustained.